UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
JOHN DECKER,

                Plaintiff,

    -against-

TOWN OF DEERPARK, NEW YORK, WILLIAM
CROWN, WILLIAM A. SMITH, ROBERT
CUNNINGHAM, VIOLA M. SINSABAUGH,
EDWARD CHUCKRAN, JR., and MARK HOUSE,

                Defendants.
-------------------------------------------------------------x

**05 CV. 4288**

ECF CASE

**COMPLAINT**

Demand Trial by Jury

ECF CASE

## 1. PARTIES

1. Plaintiff John Decker is an individual residing in the County of Orange, State of New York.

2. Defendant Town of Deerpark is a municipality located in the County of Orange, State of New York.

3. Defendant William Crown was at all times relevant to this action the Highway Superintendent for the Town of Deerpark. Crown is being sued in his individual capacity.

4. Defendant William A. Smith was at all times relevant to this action a member of the Town Board of the Town of Deerpark. Smith is being sued in his individual and official capacities.

5. Defendant Robert Cunningham was at all times relevant to this action a member of the Town Board of the Town of Deerpark. Cunningham is being sued in his individual and official capacities.

6. Defendant Viola M. Sinsabaugh was at all times relevant to this action a member of the Town Board of the Town of Deerpark. Sinsabaugh is being sued in her individual and official capacities.

7. Defendant Edward Chuckran, Jr. was at all times relevant to this action a member of the Town Board of the Town of Deerpark. Chuckran is being sued in his individual and official capacities.

8. Defendant Mark House was at all times relevant to this action a member of the Town Board of the Town of Deerpark. House is being sued in his individual and official capacities.

## II. JURISDICTION AND VENUE

9. This is a civil action authorized by 42 U.S.C. § 1983 seeking declaratory and injunctive relief and compensatory and punitive damages to redress the deprivations, under color of state law, of rights, privileges and immunities secured to plaintiff by the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred by 28 U.S.C. §§ 1331, 1343 and 2201.

10. This action is properly filed in the United States District Court for the Southern District of New York, as authorized by 28 U.S.C. § 1391, inasmuch as jurisdiction of this action is not founded on diversity of citizenship, each claim arose within the Southern District of New York and the defendants' principal place of business is located within the Southern District of New York.

## III. STATEMENT OF THE CLAIMS

11. From April 1, 1983, through the present, plaintiff has been continuously employed by the Town of Deer Park Highway Department.

12. On November 17, 2004, plaintiff reported to the New York State Police and the Orange County District Attorney numerous acts of misconduct committed by defendant Crown. Such misconduct included Crown's misuse of Town personnel, equipment and materials for Crown's and his family's and selected co-workers' personal benefit to the detriment of the Town of Deerpark and its taxpayers.

13. All of the reports and information provided by plaintiff to the New York State Police and Orange County District Attorney regarding Crown's misconduct involved matters of public concern and plaintiff's acts of providing such reports and information constituted speech protected by the First Amendment.

14. In retaliation against plaintiff for his having provided the aforementioned information to the New York State Police and the Orange County District Attorney, defendant Crown, with the assistance and cooperation of the defendants Smith, Cunningham, Sinsabaugh, Chuckran and House, proceeded to harass and intimidate plaintiff by engaging in a course of conduct which included the following.

15. On December 14, 2004, Crown delivered a letter of complaint to the Supervisor of the Town of Deerpark falsely alleging that on September 24, 2004, plaintiff made an inappropriate statement to a fellow employee, Dawn Werkmeister, regarding her weekend plans.

16. On December 27, 2004, Crown made the following additional false charges

against plaintiff which he delivered to the Town Board for investigation:

1. That on December 9, 2004, David DuBois stated to Mr. Crown that he heard [plaintiff] yelling to other employees that "fuckin' Werkmeister, Bill Crown, and Brian are finally out of here, they don't know who their fucking with."

2. That on the afternoon of December 23, 2004 [plaintiff] yelled to Mr. DuBois, "Fuck you DuBois and you're no fuckin' Dawn Werkmeister."

3. That on December 30, 2004 [plaintiff was] overheard by Clerk Joan Cunningham singing' "Dawn go away you're no good for this job."

17. On December 30, 2004, Crown falsely reported to the Town Board an incident that allegedly occurred on December 28, 2004, between plaintiff and Werkmeister, wherein Werkmeister allegedly claimed that plaintiff rubbed her shoulder and made her feel uncomfortable.

18. By letter dated January 4, 2005, defendants Smith, Cunningham, Sinsabaugh, Chuckran and House advised plaintiff of Crown's complaint of December 14, 2004 and of the following action taken by them as members of the Town Board in response to said complaint:

> ... The Town Board met with Mr. Crown on December 20, 2004 regarding this situation and, in light of the current situation, it was determined that the Town Board would investigate the allegations.
>
> The complainant, Dawn Werkmeister alleges that you made inappropriate statements to her regarding her weekend plans. The conversation was overheard by another employee, Cort Cunningham, who also gave a signed statement to that effect.
>
> The Town of Deerpark has a strict policy, governed by Town Code, Chapter 36, Harassment Policy, regarding this type of behavior. It is the determination of the Town Board, pursuant to Highway Contract Article VII, Section 1, that you did in

fact engage in this behavior and as such are guilty of misconduct. As such this letter is to serve as an official reprimand and shall be recorded as such in your personnel file. You must immediately cease any such behavior. Any future incidents of this type of misconduct may lead to further disciplinary action against you.

19. By another letter dated January 4, 2005, defendants Smith, Cunningham, Sinsabaugh, Chuckran and House advised plaintiff of Crown's complaint of December 27, 2004 and of the following action taken by them as the Town Board in response to said complaint:

> The Town Board has discussed these allegations and finds that you have engaged in behavior that is contrary to fostering a safe, harassment free workplace. As such the Board has determined that you are to be found guilty of misconduct.
>
> This notification of finding shall serve as an official reprimand and shall be recorded as such in your personnel file. You must immediately cease all such behavior. Further incidents of such behavior may result in a disciplinary hearing as per current Highway Contract.

20. By a third letter dated January 4, 2005, defendants Smith, Cunningham, Sinsabaugh, Chuckran and House advised plaintiff of Crown's complaint of December 30, 2004 and of the following action taken by the Town Board in response to said complaint:

> The Town Board has determined that the incident did occur as claimed. It is the opinion of the Board that unwanted and unwarranted physical contact is to be discouraged. Such behavior does not promote safe harassment free work environment.
>
> It is important that all employees treat each other with respect and common courtesy. Your behavior has caused a fellow employee to be uncomfortable in the workplace. As such you are hereby directed to cease all such activity in the future.
>
> This complaint and response from the Town Board shall be placed in your employment file. Any such future actions may result in disciplinary action against

you.

21. In violation of plaintiff's rights under the Collective Bargaining Agreement between the Town of Deerpark and the Town of Deerpark Highway Employees, the defendants failed to provide plaintiff with any notice of Crown's charges against plaintiff, as set forth in Crown's aforementioned December 14, 2004 letter of complaint and December 27 and 30, 2004 reports, until plaintiff received the Town Board's January 4, 2005, letter setting forth its responses to same.

22. Also n violation of plaintiff's rights under the Collective Bargaining Agreement, the defendants failed to afford plaintiff an opportunity to be heard on the charges set forth in Crown's December 14, 2004, letter of complaint and December 27 and 30, 2004 reports prior to the Town Board's determination of said charges as set forth in the Board's letters of January 4, 2005.

23. In addition to the false charges made against plaintiff by Crown and the adverse determinations on those charges made by the defendant members of the Town Board, plaintiff's conditions of employment were adversely changed by defendants in retaliation for his aforementioned reports to the New York State Police and Orange County District Attorney in that plaintiff was made to perform unduly taxing, noxious, degrading and/or dangerous tasks and that were never required of plaintiff before he made his aforesaid complaints.

24. On January 21, 2005, in further retaliation for plaintiff's speaking to the New York State Police and Orange County District Attorney, plaintiff was demoted from the

position of Assistant Highway Department Foreman to Motor Equipment Operator, resulting in a potential $0.25 per hour decrease in plaintiff's salary and a diminution in plaintiff's responsibilities. As a result of the aforementioned demotion, plaintiff lost the opportunity to fill a soon-to-be-vacant position of foreman which would have meant an increase to plaintiff's salary of $1.00 as well as an increase in plaintiff's responsibilities.

25. The defendants' conduct as set forth above caused plaintiff to suffer stress which required him to take 3 weeks off from work and forced him to use 120 hours of sick time and approximately 100 hours of overtime.

26. As a result of the unconstitutional conduct of the defendants as set forth above, plaintiff has been stigmatized and caused to suffer humiliation and anguish.

27. The acts the defendants as set forth above constitute an ongoing, intentional policy and practice of punishing plaintiff for the exercise of his First Amendment right to free speech and to deter plaintiff and other employees at the Town of Deer Park from exercising that right in the future.

28. The conduct of the defendants as set forth above has had, and continues to have, an objective chilling effect upon plaintiff's exercise of his First Amendment right to free speech, in that a reasonable person in plaintiff's position would perceive the defendants' conduct as a threat of further punishment if he or she in the future reported wrongdoing committed by Town of Deerpark officials and employees.

29. By virtue of the chilling effect which the aforementioned conduct and policy has had, and continues to have, upon plaintiff's First Amendment right to freedom of

speech, as well as the First Amendment rights of all of the employees of the Town of Deer Park, plaintiff has been and continues to be irreparably injured and will suffer further irreparable injury if the defendant's conduct is not declared to be unconstitutional and the defendant's disciplinary actions against plaintiff are not declared to be a nullity and are not ordered to be expunged..

30. In addition to the foregoing First Amendment violations, the defendant's conduct has been arbitrary and capricious and has deprived plaintiff of his rights to Due Process and Equal Protection under the Fourteenth Amendment.

31. The unconstitutional conduct of the defendants as set forth above was performed in bad faith and with a deliberate indifference to plaintiff's constitutional rights rendering these defendant liable for punitive damages.

WHEREFORE, plaintiff asks this Court to:

A. Issue an order adjudging and declaring that the defendants' conduct violated, and continues to violate, plaintiff's right to freedom of speech guaranteed by the First Amendment to the United States Constitution;

B. Issue an order adjudging and declaring that the defendants' conduct violated plaintiff's right to due process guaranteed by the Fourteenth Amendment to the United States Constitution;

C. Issue an order adjudging and declaring that the defendants' conduct violated plaintiff's right to equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution;

D. Issue an order directing that the defendants expunge from plaintiff's personnel file any references to the complaints against the plaintiff that are referenced in this action;

E. Award plaintiff compensatory damages against the defendants;

F. Award plaintiff punitive damages against the individual defendants;

G. Award plaintiff the costs and disbursements of this action;

H. Award plaintiff reasonable attorney fees; and

I. Grant plaintiff such further and other relief as to this Court may seem just and proper.

Dated: April 26, 2005

Respectfully submitted,

ROBERT N. ISSEKS, ESQ. (RI 0241)
6 North Street
Middletown, New York 10924
(845) 344-4322

EVAN FOULKE, ESQ.
1997 Route 17M
P.O. Box 239
Goshen, New York 10924
(845) 294-4308

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOHN DECKER,

                              Plaintiff,

                -against-                              VERIFICATION

TOWN OF DEERPARK, NEW YORK, WILLIAM
CROWN, WILLIAM A. SMITH, ROBERT
CUNNINGHAM, VIOLA M. SINSABAUGH,
EDWARD CHUCKRAN, JR., and MARK HOUSE,

                              Defendants.
------------------------------------------------------------------X

State of New York, County of Orange ss.:

      JOHN DECKER, being duly sworn, deposes and says:

      That he is the plaintiff herein; that he has read the foregoing complaint and knows the content thereof; that same is true upon his personal knowledge or upon information and belief.

                                                                  _____
                                                                  JOHN DECKER

Sworn to before me this
26th day of April, 2005

_____
NOTARY PUBLIC

        LINDA C. VANDERBECK
    Notary Public, State of New York
         No. 01VA4953669
      Qualified in Ulster County
  Commission Expires July 24, 2005